**STATE of Indiana, INDIANA DEPARTMENT OF REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),**

v.

**Elsie K. GEORGE, sole heir of the Estate of Herman Goepp, Appellee (Respondent Below).**

No. 3–978A245.

Court of Appeals of Indiana, Third District.

April 26, 1979.

Theodore L. Sendak, Atty. Gen., Susan Bowron White, Deputy Atty. Gen., Indianapolis, for appellant.

John R. Nesbitt, Nesbitt, Fisher, Daugherty & Nesbitt, Rensselaer, for appellee.

STATON, Judge.

Before determining the value of the estate of Herman Goepp, which was inherited by Elsie K. George, the trial court allowed George to exclude fifty percent (50%) of the value of properties she held jointly with Goepp. Inheritance tax was assessed accordingly. The State's Inheritance Tax Division appeals, claiming that George failed to prove that fifty percent (50%) of the value of the properties originally belonged to her and never to Goepp.

We reverse and remand to the trial court.

After Goepp's death on January 13, 1974, George, his sister and sole heir, filed a schedule of his property for inheritance tax appraisement. On October 21, 1975, the court entered its order determining the value of the estate and the amount of inheritance tax due. The court found the total gross value of the estate to be $2,557.21, with deductions for debts and expenses in the amount of $7,004.62. The court valued transfers outside the estate at $104,771.84. This figure represented fifty percent (50%) of the property held jointly by Goepp and George. The jointly-held properties included real property valued at $183,300, stock, a certificate of deposit, savings bonds, and a checking account. The total value of the property was reduced by $104,071.84, the amount George claimed to have contributed. The court valued the interest George received at $100,324.43 and imposed an inheritance tax of $5,000.95.

The State filed a Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax, which was denied after a hearing. The State's motion to correct errors was also denied.

We must decide whether the court erred in excluding from inheritance taxation fifty percent (50%) of the value of the property Goepp held jointly with George.

The inheritance tax statute in effect at the time of the court's determination included the following provision:

"Whenever property is held in the joint names of two [2] or more persons or is deposited in banks, or other institutions or depositaries in the joint names of two [2] or more persons and payable to either or the survivor, upon the death of one [1] of such persons, the exercise of the right of the surviving person or persons to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this act . . . in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint owner or joint depositor and had been devised or bequeathed to the surviving person or persons, by such deceased joint owner or joint depositor by will, excepting therefrom such part thereof as may be proved by the surviving joint owner or joint owners to have originally belonged to him or them and never to have belonged to the decedent: Provided, however, That property jointly held shall not be taken to include real estate held by the entireties."

IC 1971, 6–4–1–1, Ind.Ann.Stat. § 7–2401 (Burns Code Ed.).[1]

 In resolving the meaning of the statute, we must determine and apply the legislative intent embodied therein. *State Dept. of Rev., Inher. Tax D. v. Estate of Powell* (1975), Ind.App., 333 N.E.2d 92. The plain language of the statute indicates that the legislature intended to tax the transfer of jointly-held property to the surviving joint tenant. For inheritance tax purposes, the *entire* property is treated as though it were part of the estate of the deceased

---

1. The statute was repealed and replaced by IC 1971, 6–4.1–2–1 (Burns Code Ed.).

joint tenant, excepting only that portion that the surviving joint tenant proves originally belonged to him and not to the deceased.

In the present case, George was permitted to exclude from taxation almost fifty percent (50%) of the value of the property she held jointly with Goepp. The record contains her "Contribution Affidavit," which sets forth the following grounds for the exclusion:

"1. I am related to Herman Goepp as a full sister.

"2. I was married at an early age, divorced, and then returned to my home in Barkley Township, Jasper County, Indiana, to live with and care for my parents (about 1928). My brother, German [sic] Goepp also continued to live at home.

"3. The family farmed our 296 acres and, after our parents died, I continued to help farm and keep up the housework at the farm.

"4. My brother, Herman Goepp, eventually received title to the whole 296 acres but from the time the farm income tax started (as best as I can remember) until the date of my brother Herman's death on January 13, 1974, I filed my income tax on one-half (½) the farm income and Herman and I kept everything in joint accounts, with survivorship rights. We considered everything as 50-50. In 1960, Herman put the 296 acre farm in our joint names.

"5. I hereby claim 50% of all property held jointly by Herman Goepp and myself (as shown on the estate tax schedule) as my contribution in the sum of $104,071.84. I make this claim based on the services I rendered over all the years after I returned home in 1928, including both household and farm hand help."

We find that the court erred as a matter of law in allowing a $104,071.84 exclusion based only on the contribution affidavit.

The affidavit itself recognizes that title to the real property (valued at $183,300.00)

originally belonged to Goepp alone. In 1960, the property was conveyed by strawmen to Goepp and George as joint tenants with the right of survivorship. The deed contains the notation that it was executed for "the purpose of creating a joint tenancy." No consideration is specified. By the conveyance, Goepp *gave* George a joint interest in real property which originally was his alone.

George's affidavit fails to establish that she was entitled to exclude from taxation half of the value of such real property. She has failed to prove that half of the value of the real property originally belonged to her and not to Goepp. The statutory exclusion does not contemplate the type of contribution she made in terms of household and farm hand services.

The contribution affidavit also contains averments with respect to the remaining property which was held jointly. It is quite likely that George will be able to show that portions of such property should be excluded from inheritance taxation as belonging to her.

For inheritance tax purposes, the court must include all the jointly-held property in Goepp's estate, except to the extent that George can prove that it originally belonged to her and not to Goepp.

We reverse and remand to the trial court for a valuation of the estate of Goepp not inconsistent with this opinion. At that time, George will have the opportunity to prove what portion of the jointly-held property originally belonged to her and not to Goepp. Inheritance tax should be imposed accordingly.

GARRARD, P. J., dissents with opinion.

HOFFMAN, J., concurs in part and dissents in part with opinion.

GARRARD, Presiding Judge, dissenting.

I believe the theory of the trial court's decision was that by agreement between Mrs. George and the decedent she earned a one-half interest in the property by her work contributions. The Internal Revenue

Service accepted that result in the federal estate tax audit of the estate. While the affidavit could have been more expansive, I believe it sufficient to sustain the result.

I therefore dissent and would sustain the judgment.

HOFFMAN, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part.

This case should be remanded for rehearing only upon the issue of whether or not the real property was ever held solely by Herman Goepp and thus not entitled to exclusion from inheritance tax. This is the only issue raised or argued by the State upon appeal.

The evidence of record clearly established that all other property, i. e., common stock, certificate of deposit, savings bonds and checking account, was held by Goepp and George as joint tenants. George's contribution in accumulating this property is uncontradicted, and the trial court properly excluded fifty per cent thereof from Goepp's estate.