time the accord and satisfaction was formulated.

■ It is well settled that when a debt is the subject of a bona fide dispute and unliquidated, consideration is not necessary to effectuate its discharge. *Tabani v. Hester* (1977), Ind.App., 366 N.E.2d 193, 194; *Nardine v. Kraft Cheese Co.* (1944), 114 Ind. App. 399, 52 N.E.2d 634, 635. So long as the circumstances indicate to the creditor that the payment tendered is offered as full satisfaction for the disputed or unliquidated obligation, acceptance of the tendered amount will operate to discharge the debt in its entirety. *Tabani v. Hester, supra.*

■ Here, the evidence reveals that Orville Gearhart, albeit at Baker's urging, added the words "in full" after "Pd. to date" on the receipt just prior to the moment when he signed it. This evidence justifies the trial court's conclusion that the Gearharts understood that Baker's payment was offered in full satisfaction of the disputed obligation. Their acceptance of Baker's check acted to discharge the debt *in toto.* The trial court did not err.

Affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs in result.

Theo. L. Sendak, Atty. Gen., Susan Bowron White, Deputy Atty. Gen., Indianapolis, for appellant.

STATON, Judge.

ON PETITION FOR REHEARING

Elsie K. George filed her "Petition for Rehearing" in the above-entitled appeal on May 14, 1979. The opinion of this Court was handed down on April 26, 1979 and reported in 388 N.E.2d 600. The majority of this Court remanded the appeal to the trial court for a re-determination of the real property value only. The trial court's determination of the jointly held personal property valuation is affirmed. In the "Petition for Rehearing", it appears that Elsie K. George's understanding of the conclusion of this Court is unclear. For this reason, the conclusion of this Court is re-stated. The "Petition for Rehearing" is denied.

HOFFMAN, J., concurs.

GARRARD, P. J., dissents without opinion.

STATE of Indiana, Indiana DEPARTMENT of REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

Elsie K. GEORGE, sole heir of the Estate of Herman Goepp, Appellee (Respondent Below).

No. 3–978A245.

Court of Appeals of Indiana, Third District.

Aug. 29, 1979.

Ronald McCLAIN, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 1–1278A358.

Court of Appeals of Indiana, First District.

Sept. 4, 1979.

Rehearing Denied Oct. 17, 1979.